ALD-350                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1634
_____

HOLY PHARAOH DR. ADMIRAL A.L.S.A.E.R. EL-BEY,
Lord Advocate of the Morehsh L.A.W.
also known as Honorable Prophet of Ahezaahnism

VS.

UNITED STATES OF AMERICA

Holy Pharaoh Dr. Admiral A.L.S.A.E.R. El-Bey,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civ. No. 2-15-cv-00238)
District Judge:  Honorable Stanley R. Chesler

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
September 23, 2015

Before: CHAGARES, SCIRICA and RENDELL, Circuit Judges

(Opinion filed: October 13, 2015)
_____

PER CURIAM

Jason Amin-Bey,[1] proceeding pro se, appeals from an order of the United States District Court for the District of New Jersey dismissing his complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  We will summarily affirm.

Appellant Jason Amin-Bey is a detainee at a Federal Medical Center.  He has a history of filing unintelligible complaints and petitions in the district courts, and has filed numerous such actions in the District of New Jersey since 2013.  See Transfer Order, Holy Pharoah M.M.H.R.A.A.L.S.A. El-Bey, Ed.D. v. United States, No. 2:14-cv-07407 (D.N.J. Dec. 1, 2014), ECF No. 5 (describing Appellant's litigation history).  The present appeal concerns an action Appellant commenced in January 2015 by filing what the District Court described as an "incomprehensible document" and, a few weeks later, an application to proceed in forma pauperis ("IFP").

The court granted Appellant IFP status and construed his filing as a civil rights complaint.  Noting that the complaint consisted of excerpts regarding statutes and prescription medication interspersed with handwritten ramblings regarding religious beliefs, the court stated that it "simply [could not] determine any facts that Plaintiff is

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] In his filings, Amin-Bey styles himself (in part) "Holy Pharoah Dr. Admiral A.L.S.A.E.R. El-Bey."  For convenience, we will refer to him as "Appellant."

trying to communicate that might support a valid claim." Accordingly, the District Court dismissed the complaint without prejudice as frivolous pursuant to § 1915(e)(2)(B)(i). This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291,[2] and we review the District Court's order dismissing the complaint as frivolous for an abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33 (1992). If no substantial question is presented, we may affirm on any ground supported by the record. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6; Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

The screening provisions of the IFP statute require a federal court to dismiss an action sua sponte if, among other things, the action is frivolous or malicious. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013). A complaint may be deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is considered factually frivolous where "the facts alleged are 'clearly baseless,' . . . a category encompassing allegations that are 'fanciful,' . . . 'fantastic,' . . . and 'delusional.'" Denton, 504 U.S. at 32-33 (quoting Neitzke, 490 U.S. at 325, 327-28). Accordingly, a complaint may be

_____

[2] In general, an order that dismisses a complaint without prejudice is not final and appealable. Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). However, if a plaintiff cannot amend the complaint or chooses to stand on it, the order becomes final and appealable. Id. at 952. Although the dismissal in this case was without prejudice, the District Court's conclusion that the complaint was incomprehensible was tantamount to finding that Appellant could not cure it by amendment. Moreover, the court did not give Appellant leave to amend or any guidelines for doing so, as it had in prior cases. In this context, we deem the order final.

3

dismissed for factual frivolousness "when the facts alleged rise to the level of the irrational or the wholly incredible." <u>Denton</u>, 504 U.S. at 33.

We agree with the District Court that Appellant's complaint is confused, convoluted, and largely incomprehensible. Even construing the complaint liberally, it is impossible to discern any factual allegations, causes of action, or claims for relief. While we are not insensitive to Appellant's situation, we note that he has a history of submitting unintelligible documents to the courts despite having been informed of the requisite pleading standards. In this case, there is simply no construction of his complaint that satisfies those standards. We have considered Appellant's submissions in support of his appeal, and we likewise find them difficult to understand and irrelevant to the issue at hand. Therefore, we hold that the District Court did not abuse its discretion by dismissing the complaint as frivolous pursuant to § 1915(e)(2)(B)(i).

Accordingly, we will summarily affirm the District Court's order. <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6. In light of this disposition, we deny Appellant's motion to "remove and remand" this matter to the United States Supreme Court.